## No. 5174.

### Mrs. C. Pickens, Administratrix, *v.* Thomas Friend.

Where the settlement alleged by the plaintiff to have taken place in relation to partnership business, was shown by an instrument signed by the plaintiff and defendant and attested by one witness, and when, on the trial of the cause, the defendant offered to prove by the witness that this instrument was only a statement of the account of the partnership; and that, at the time of signing the same, the plaintiff was, otherwise and besides, largely indebted to him—which indebtedness was acknowledged by the plaintiff;

Held—That the objection to the introduction of such evidence was properly sustained. The written act bound the parties and must speak for itself. The purpose for which the testimony was sought to be introduced seems to be vague. If the object of the defendant was to show that the succession of which plaintiff is the administratrix, owed him more on account of the partnership than the stated account shows, it was clearly inadmissible; if to show that the administratrix individually owed him, it was irrelevant.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *T. A. Bartlette,* for plaintiff and appellee. *Finney & Boland,* for defendant and appellant.

TALIAFERRO, J. The plaintiff injoins an order of seizure and sale, taken out by the defendant, on the ground that the defendant in injunction, claiming to be subrogated to the rights of a mortgage creditor of her late husband, James A. Pickens, paid the 'ebt to which he claims to be subrogated, out of funds belonging to a partnership that existed between the defendant and James A. Pickens, of whose succession she is administratrix. She avers that, by the defendant's account or exhibit to her of the partnership transactions, and upon which she made a settlement with him, he credits himself with the amount of the mortgage debt of James A. Pickens, which he paid to the creditor, and that there remains due him by the succession only the sum of $402 70. She alleges further that garnishment process has been taken against the defendant by certain creditors of his, and this balance due him seized in her hands. She prays that the settlement stated by her to have been made with the defendant be recognized as fixing the balance due on the mortgage debt purchased by the defendant; and that upon payment of that balance ($402 70), there be judgment decreeing the said mortgage debt and judgment rendered upon it satisfied; that no proceedings be had against her until she be released from the garnishment; and if not released that the judgment be decreed satisfied upon payment by her of the said balance of $402 70.

The defendant admits that he was in partnership with James A. Pickens, in a contract with the North Louisiana and Texas Railroad, to do certain work for the company; that after the death of his partner he received the amount due the partnership for the work. He avers that he advanced the capital and means required for carrying on the business, and besides advanced several sums of money for the separate use and benefit of James A. Pickens; that the succession of Pickens

was indebted to him in the sum of $2826 with interest; that the settlement referred to by the plaintiff was simply a statement of the condition of the partnership affairs, and had no reference to the various debts due him by the succession. He alleges the nullity of the judgment under which garnishment process issued against the plaintiff and prays a dissolution of the injunction with damages.

There was judgment in the court below in favor of the plaintiff, and the defendant appeals.

The settlement alleged by the plaintiff to have taken place in relation to the partnership business is shown by an instrument signed by the plaintiff and defendant, and attested by one witness. On trial of the cause the defendant offered to prove by the witness that this instrument was only a statement of the account of the partnership, and at the time of signing the same the plaintiff was, otherwise and besides, largely indebted to him, which indebtedness was acknowledged by the plaintiff. Objection being made to the introduction of this proof on the ground that the written act bound the parties and must speak for itself, and the objection being sustained, the defendant reserved a bill of exceptions.

It appears to us the ruling of the court was correct. The purpose for which the testimony was sought to be introduced seems to be vague. If the object was to show that the succession owed him more on account of the partnership than his stated account shows, it was clearly inadmissible; if to show that the administratrix individually owed him, it was irrelevant.

We are unable to find that the defendant has made good the allegations of his answer, and conclude that the judgment of the lower court should remain undisturbed.

Judgment affirmed.

Rehearing refused.